IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA<br>for the Use and Benefit of<br>METROMONT CORPORATION,<br><br>               Plaintiff,<br><br>       v.<br><br>S.J. CONSTRUCTION, INC. and<br>CHRISTINA BARELA,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br>1:09CV745 |

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before this Court on a Motion to Dismiss filed by Defendant S.J. Construction, Inc. ("S.J.") (Docket Entry 15). In response to a Complaint filed by Metromont Corporation ("Metromont"), S.J. filed the instant motion which seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(2), lack of personal jurisdiction, and 12(b)(5), insufficient service of process. (Docket Entry 15 at 1.) For the reasons that follow, the Court will recommend that S.J.'s Motion to Dismiss (Docket Entry 15) be denied. The parties have filed two other related motions. (See Docket Entries 13, 18.) The Court will defer action on these motions pending supplementation of the record by the parties.

**I. BACKGROUND**

On October 31, 2008, the United States of America, Department of Veterans Affairs (the "Owner") entered into a contract with S.J. for the construction of a parking deck at the Veterans

Administration Hospital located in Durham, North Carolina (the "Project"). (Docket Entry 1, ¶¶ 7-8.)[1] On November 24, 2008, S.J., as the contractor, and Defendant Christina Barela, as the personal surety (collectively "Defendants"), issued a payment bond (the "Payment Bond") to the United States which provided for S.J. and Barela's joint and several obligation to the government. (Id., ¶¶ 5 & 9.)

On December 9, 2008, in furtherance of the Project, S.J. and Metromont executed a Subcontract Agreement (the "Subcontract"), pursuant to which S.J. agreed to pay Metromont for the provision and installation of a structural precast concrete parking deck. (Id.) S.J. agreed to make payments to Metromont on a monthly basis equal to one hundred percent of all the products that Metromont manufactured and stored without retainage, and for any additional work performed at S.J.'s request. (Id., ¶ 11.) Metromont manufactured and stored products and submitted applications for payment (id., ¶ 12), but S.J. made only a partial payment of the amount due (id., ¶ 13). On June 19, 2009, Metromont made a demand upon Barela for payment under the Payment Bond. (Id., ¶ 18.)

On September 29, 2009, Metromont filed the Complaint alleging that S.J. breached the Subcontract (id., ¶¶ 23-25), and that Defendants violated the Miller Act, 40 U.S.C. § 3133, by failing to make payments under the Payment Bond (id., ¶¶ 7-22). The Summons for the Defendants were issued that same day (Docket Entries 3, 3-1

---

[1] For purposes of background only, the Court relies on the description of the historical facts set out by Metromont in its Complaint.

and 3-2), and Metromont, also that same day, sent S.J. a letter with the Summons and Complaint requesting that S.J. waive service (Docket Entry 26-2 at 25-26).

Metromont, through FedEx, delivered two copies of the Complaint and Summons to S.J., with one copy delivered "c/o an Officer, Director, or Managing Agent" (Docket Entry 6, ¶ 2), and the other copy delivered "c/o Roger Stanfield, Registered Agent" (Docket Entry 17, ¶ 2). (See Docket Entries 3, 3-1.) On November 6, 2009, Megan Jones, S.J.'s Office Manager, signed for these deliveries. (Docket Entry 6 at 4; Docket Entry 16 at 2; Docket Entry 17 at 4; Docket Entry 26-2 at 3 (M. Jones Dep. at 6:22).)[2] On January 11, 2010, the Clerk of Court made an Entry of Default as

---

[2] S.J. filed a brief in support of its "Motion to Dismiss" inaccurately titled "Memorandum in Support of Motion to Set Aside Entry of Default." (Docket Entry 16.) S.J. filed the brief in the case management electronic case filing system ("CM/ECF") attaching it, and exhibits to that brief, to the motion. (Docket Entries 15, 15-1, 15-2, and 15-3.) The Clerk of Court placed an entry on the docket stating that the filing was deficient and that the motion should be filed separately. (See Docket Entry dated Feb. 8, 2010.) The next day, S.J. filed the brief under a separate docket entry without the respective exhibits. (See Docket Entry 16.) S.J.'s affidavits and related exhibits are attached to the originally filed motion without identifying exhibit or page numbers. (Docket Entries 15-2, 15-3.) Similarly, Metromont's identification of exhibits is unclear. The Court's "preferred form of citation is in accordance with The Bluebook, a Uniform System of Citation." M.D.N.C. R. 7.2(b). Metromont, however, references a 67-page deposition without citation to page and line numbers. See The Bluebook: A Uniform System of Citation, B10.3, at 20 (Columbia Law Review Ass'n et al. eds., 18th ed. 2005) ("Give as precise a reference as practicable to the cited document, such as the line and page on which the material appears . . . ."). To avoid confusion, the Court generally will cite exhibits from the parties by using the CM/ECF docket numbers and pagination. The Court also notes that the parties incorporated a "Word Limit Certification" in their filings. (See Docket Entries 16, 26.) Neither Rule 11 (referenced in the certifications), nor this Court's Local Rules regarding briefs provide for such a certification. See Fed. R. Civ. P. 11; M.D.N.C. R. 7.1, 7.2 & 7.3. The Court encourages the parties to pay closer attention to the rules and procedures employed in this district.

to S.J. and Barela for "failure to plead or otherwise defend as required by law . . . ." (Docket Entry 8 at 1.) That same day, Robin Jones and Roger Stanfield attempted to enter a pro se appearance on behalf of S.J. (Docket Entry 9.) On January 12, 2010, United States Magistrate Judge Wallace W. Dixon struck their entry of appearance as deficient "without prejudice to the filing of a proper document(s) on or before January 22, 2010." (Docket Entry 10 (emphasis omitted).)

S.J. claims that "Roger Stanfield, the president of SJ[,] and Robin Jones[, the vice president of SJ,] were not aware that the summons and complaint had been received by Megan Jones, the part time worker[,] and neither of them became aware of the summons and complaint until they were informed about it on January 5, 2010. After being informed of the summons and complaint being served, Robin Jones and Roger Stanfield looked for a copy of the summons and complaint in SJ's office and could not find it." (Docket Entry 16 at 2.) According to S.J., "on or about January 11, 2010 SJ found the complaint in this action." (Docket Entry 19 at 5.) On January 22, 2010, S.J. obtained legal counsel (id.), and, on February 8, 2010, S.J. filed the instant Motion to Dismiss (Docket Entry 15).

## II. DISCUSSION

S.J. moves to dismiss the case against it "pursuant to rule 12(b)(2) and 12(b)(5) for lack of personal jurisdiction due to insufficient service of process." (Docket Entry 15 at 1.) S.J.'s arguments to support this motion are based entirely on Metromont's

4

alleged failure to perfect proper service.  (See Docket Entry 16 at 4-6.)  The Court therefore will focus on whether Metromont made proper service.

### A. Rule 12(b)(5) - Insufficiency of Service of Process

"A motion under *Rule 12(b)(5)* is the appropriate means for challenging the manner or sufficiency of service of process.  The plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with *Rule 4*." Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 576 (M.D.N.C. 1996) (Osteen, Sr., J.) (emphasis in original and internal citations omitted) (cited in Elkins v. J.A. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (Bullock, J.)).  Where a plaintiff does not effectuate "valid service of process, the district court [is] without jurisdiction of the defendant . . . ." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).  In this context, "[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment."  Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982), cited with approval in Soto v. Meadow Mills, No. 3:09CV292-HEH, 2009 U.S. Dist. LEXIS 55227, at *5 (E.D. Va. Jun. 29, 2009) (unpublished) (granting motion to dismiss pursuant to Rule 12(b)(2)).  See also Lackey v. County of Macon, No. 2:09cv42, 2009 U.S. Dist. LEXIS 68990, at *3 (W.D.N.C. Aug. 7 2009) (unpublished) (stating that, with respect to a Rule 12(b)(5) motion, "affidavits and other materials outside the pleadings may be properly submitted and considered").

S.J. argues that Metromont's service of process was improper because it did not comply with Fed. R. Civ. P. 4(h) or N.C. Gen. Stat. § 1A-4(j)(6). (Docket Entry 16 at 3-4.) The Federal Rules of Civil Procedure directly address the service of process to a corporation, such as S.J. See Fed. R. Civ. P. 4(h). Under this provision, a corporation may be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant; . . . .

Fed. R. Civ. P. 4(h)(1) (emphasis added). Subsection (A) thus permits a plaintiff to serve a corporate party by "following state law for serving a summons," Fed. R. Civ. P. 4(e)(1).

North Carolina state law, in turn, permits a party to serve a summons upon a corporation:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation <u>or by leaving copies thereof in the office</u> of such officer, director, or managing agent <u>with the person who is apparently in charge of the office</u>.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> . . . .

> d. <u>By depositing with a designated delivery service</u> authorized pursuant to 26 U.S.C. § 7502(f)(2) <u>a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b.</u>, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat. § 1A-4(j)(6) (emphasis added).

The Supreme Court of North Carolina has strictly construed the state's service provisions, holding that where a secretary mailed an administrative order by regular mail instead of registered mail, the secretary failed to follow the specific service requirements. <u>In re Harris</u>, 273 N.C. 20, 24, 159 S.E.2d 539, 543 (1968). In rendering its opinion, the North Carolina Supreme Court stated that, "[g]enerally speaking, a person relying on the service of a notice by mail must show a strict compliance with the requirements of the statute." <u>Id.</u> (internal quotation marks omitted) (quoting 66 C.J.S., Notice § 18(e)(1), p. 663).

However, North Carolina law also recognizes a presumption that a person who accepts delivery of service documents addressed to a party was an agent of the addressee, if the party attempting service submits an affidavit showing proof of service:

> This affidavit together with the return receipt . . . signed by the person who received the mail or delivery <u>if not the addressee</u> raises a presumption that the person who received the mail or delivery and signed

7

>            the receipt was an agent of the
>            addressee . . . .

N.C. Gen. Stat. § 1A-4(j2)(2).[3]

Metromont properly served the Summons and Complaint pursuant to N.C. Gen. Stat. § 1A-4(j)(6). Metromont provided FedEx with a copy of the Summons and Complaint (Docket Entry 6, ¶ 2; Docket Entry 17 ¶ 2), and FedEx is a designated delivery service, see 26 U.S.C. § 7502(f)(2); Internal Revenue Bulletin 2004-52, Notice 2004-83 (Dec. 27, 2004). Metromont, through FedEx, delivered two copies of the Complaint and Summons to S.J. (Docket Entry 6, ¶ 2; Docket Entry 17, ¶ 2), in accordance with the information listed on the Summons, at 3808-0 Guess Road, Durham, NC 27705 (Docket Entries 3, 3-1), the address that S.J. has listed with the North Carolina Department of the Secretary of State (Docket Entry 26-1 at 1). FedEx delivered one set of materials to "c/o an Officer, Director, or Managing Agent" (Docket Entry 6, ¶ 2), and a second set of materials to "c/o Roger Stanfield, Registered Agent" (Docket Entry 17, ¶ 2)[4] to S.J.'s address and left the materials with Ms. Jones, S.J.'s Office Manager (see Docket Entry 6 at 4; Docket Entry 17 at 4). Ms. Jones, as the Office Manager, had apparent authority (Docket Entry 26-2 at 3 (M. Jones Dep. at 6:22), and in fact

---

[3] This presumption of proper service "can be rebutted by the affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996).

[4] S.J. listed Roger Stanfield as the Registered Agent with the North Carolina Department of the Secretary of State (Docket Entry 26-1 at 1).

possessed actual authority to receive those materials (Docket Entry 26-3 at 51:15-22).

S.J. argues that Ms. Jones' receipt of the Summons and Complaint did not equate to delivery to an officer, director, or managing agent (Docket Entry 16 at 4), but N.C. Gen. Stat. § 1A-4(j)(6)(a) permits the leaving of a summons and complaint with a party "who is apparently in charge of the office," such as Ms. Jones. S.J. also asserts that Metromont's Summons and Complaint were not "addressed to the officer, director or agent to be served and it did not designate any person to be served. The only designated persons to be served on behalf of the SJ [sic] were the officers of the corporation; Robin Jones, vice-president or Roger Stanfield, president, or Roger Stanfield, registered agent." (Docket Entry 16 at 4.) S.J.'s argument in this regard lacks merit.

S.J. cites Lane v. Winn-Dixie Charlotte, Inc., 169 N.C. App. 180, 609 S.E.2d 456 (2005), to support its position. (Docket Entry 16 at 4-5.) In that case, a summons "was issued naming Winn-Dixie Charlotte, Inc. as defendant," but it did not "designate any person authorized to be served on behalf of the corporation." Lane, 169 N.C. App. at 182, 609 S.E.2d at 457. The North Carolina Court of Appeals held that the failure of the summons to "designate *any* person authorized by Rule 4(j)(6) to be served on behalf of the corporate defendant . . ." made "the summons defective on its face." Id., 169 N.C. App. at 187, 609 S.E.2d at 460 (emphasis in original).

In this case, unlike Lane, each delivery package, as well as the respective summonses, properly designated an appropriate individual to be served on S.J.'s behalf and not just the corporate entity. (See Docket Entry 6, ¶ 2 ("c/o an Officer, Director, or Managing Agent"); Docket Entry 17, ¶ 2 ("c/o Roger Stanfield, Registered Agent").) Metromont did not need to use a proper name in describing the designated recipient, because the reference to an "Officer, Director, or Managing Agent" (see Docket Entry 6, ¶ 2) conforms with the statute. See N.C. Gen. Stat. § 1A-4(j)(6)(a). Furthermore, Metromont addressed one delivery package to "Roger Stanfield, Registered Agent." (See Docket Entry 17, ¶ 2.)

S.J. attempts to rebut the presumption in N.C. Gen. Stat. § 1A-4(j2)(2), but the Court does not rely on the presumption to conclude that service of process was proper. Nevertheless, the Court briefly addresses S.J.'s arguments. Messrs. Stanfield and Jones both provided affidavits that they never received the Summons or the Complaint that was signed for by Ms. Jones (see Docket Entry 16 at 6), and they did not receive the Complaint until January 5, 2010, when they were notified by the surety company's attorney of the Complaint. (Docket Entry 15-2, ¶ 7; Docket Entry 15-3, ¶ 5.) The Court believes that Fender v. Deaton, 130 N.C. App. 657, 503 S.E.2d 707 (1998), provides useful insight into these circumstances.

In Fender, the North Carolina Court of Appeals reversed the trial court and held that the plaintiffs' attorney's affidavit and the signed receipt established a presumption that a wife acted as

her husband's agent in receiving and signing for certified mail. Id., 130 N.C. App. at 663, 503 S.E.2d at 710-11. The plaintiffs attempted service of process on the defendant, <u>not the law firm</u>, via certified mail, return receipt requested, <u>addressed to the defendant</u> at his law office, and the defendant's wife, an employee of the law firm, received it. Id., 130 N.C. App. at 658, 503 S.E.2d at 707. The defendant asserted by affidavit that "the employees of the law firm were not authorized or appointed as agents to accept service for him." Id., 130 N.C. App. at 663, 503 S.E.2d at 710. The defendant's wife, however, routinely signed for certified mail and placed the mail in the defendant's office, she was never told that she did not have authority to sign for certified mail, and her prior practice of signing for certified mail was never questioned. Id., 130 N.C. App. at 663, 503 S.E.2d at 711. Under such circumstances, the court found that the defendant's showing failed to rebut the presumption of agency. See id.

Metromont also similarly produced affidavits and signed receipts showing that the packages were properly addressed to S.J. (Docket Entries 6, 17.) Ms. Jones' job duties included receipt of the mail and any deliveries from FedEx. (Docket Entry 26-3 at 19:13-17.) Unlike Fender, S.J. explicitly authorized the recipient, Ms. Jones, to accept S.J.'s deliveries. (Docket Entry 26-2 at 14-16, 18 (M. Jones Dep. at 51:4-14, 53:17-21, 57:23-58:5, 66:4-7); Docket Entry 26-3 at 25:5-12; Docket Entry 26-4 at 17:10-15.) Thus, the Court does not need to use the presumption to reach

the conclusion that Ms. Jones was acting as the agent of S.J. in receiving the delivery packages from FedEx.  Furthermore, the affidavits submitted by S.J. are insufficient to rebut the presumption that Ms. Jones was indeed S.J.'s agent.

Metromont made proper service upon S.J. through either of the two separate FedEx deliveries.[5]  Accordingly, the Court will recommend denial of S.J.'s motion to dismiss as it relates to service of process under Rule 12(b)(5).

B.  Rule 12(b)(2) - Lack of Personal Jurisdiction

S.J., in its motion to dismiss, also referenced Rule 12(b)(2)'s provisions regarding lack of personal jurisdiction. (Docket Entry 15.)  If service of process is not valid, a district court lacks jurisdiction over a defendant.  Armco, Inc., 733 F.2d at 1089.  "When a court's personal jurisdiction is properly challenged by a *Rule 12(b)(2)* motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff

---

[5] The Court also notes that Mr. Jones admits that S.J. received a letter (Docket Entry 26-3 at 34:24-35:2) from Metromont's counsel, dated September 30, 2009, which included a Summons and Complaint (see Docket Entry 26-2 at 25-26).

> Q. [Metromont's counsel:]  Now, is there any doubt in your mind that S.J. received my September 5, 2009 [letter] and the enclosures that are identified on Exhibit 9 by this FedEx delivery that is signed off on by Megan Jones as shown on Exhibit 10?
>
> A. [Robin Jones:]  It's apparent that we received it, that it was received here.

(Docket Entry 26-3 at 34:24-35:2.)  The September 30, 2009 letter provided S.J. with notice, but the Court does not address the letter's sufficiency for purposes of service, because Metromont did not provide adequate information as to whether the letter satisfied N.C. Gen. Stat. § 1A-4(j)(6).

ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) (emphasis in original). S.J. presents no additional arguments to support dismissal pursuant to Rule 12(b)(2) besides those arguments already discussed related to Metromont's service of process. (See Docket Entry 15.)[6] Because S.J.'s arguments with respect to the sufficiency of service of process lack merit, S.J.'s Motion to Dismiss on the basis of Rule 12(b)(2) must also fail. Thus, the Court will recommend that the S.J.'s instant motion be denied as it relates to lack of personal jurisdiction.

## III. CONCLUSION

Metromont properly served S.J. S.J.'s motion to dismiss pursuant to Rule 12(b)(5) therefore should be denied. S.J. tenders no additional arguments to support a motion to dismiss pursuant to Rule 12(b)(2), lack of personal jurisdiction, and that part of the motion should be denied as well.

As a final matter, the Court notes that the parties have filed two other motions related to the procedural history of this case. Specifically, S.J. has filed a Motion to Set Aside Entry of Default (Docket Entry 18), and Metromont has filed a "Request for Hearing on Motion for Default Judgment" (Docket Entry 13). The parties, however, did not file a copy of the Subcontract discussed in the

---

[6] Furthermore, S.J. fails to raise any arguments on this point in its brief and even requests dismissal only on the grounds of insufficient service of process. (Docket Entry 16 at 6.)

13

foregoing motions.  The Court will defer resolution of these motions, pending the parties filing of a joint supplement attaching the Subcontract.

Accordingly,

**IT IS RECOMMENDED** that S.J.'s Motion to Dismiss (Docket Entry 15) be **DENIED**.

**IT IS ORDERED** that, by July 23, 2010, the parties shall file a joint supplement to their respective Motion to Set Aside Entry of Default (Docket Entry 18) and Request for Hearing on Motion for Default Judgment (Docket Entry 13) attaching a stipulated authentic copy of the Subcontract.


                                          /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                                **United States Magistrate Judge**

July 15, 2010